CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 22 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH LEE,<br>    Petitioner, | Civil Action No. 7:13cv00593 |
| v. | **MEMORANDUM OPINION** |
| HAROLD W. CLARKE,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Kenneth Lee, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 convictions and sentence in the Pittsylvania County Circuit Court. The court finds that Lee's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

## I.

On September 22, 2009, after Lee pled guilty, the Pittsylvania County Circuit Court entered judgment against Lee, convicting him of possessing a firearm as a convicted felon, armed statutory burglary, two counts of robbery, and two counts of using a firearm during the commission of a felony. The court sentenced Lee to a total term of forty-three years incarceration.

Lee appealed and the Court of Appeals of Virginia denied his appeal on April 9, 2010. Lee further appealed and the Supreme Court of Virginia refused his appeal on August 3, 2010 and denied his petition for rehearing on September 24, 2010. Lee did not file a petition for writ of certiorari with the Supreme Court of the United States. However, Lee filed a habeas petition in the Pittsylvania County Circuit Court on September 17, 2011, which the court dismissed on

November 9, 2012. Lee appealed to the Supreme Court of Virginia on June 11, 2013 and the court dismissed the petition on July 26, 2013 finding that the appeal was untimely filed.[1]

Lee filed his federal habeas petition in this court on November 29, 2013. The court conditionally filed Lee's petition, advised him that the petition appeared to be untimely, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] In this case, the statute of limitations began to run on December 23, 2010, when Lee's conviction became final. However, the time during which a "properly filed" state habeas petition is pending is not counted toward the period of limitation.[3] 28 U.S.C. § 2244(d)(2).

---

[1] The court notes that Lee attaches, as an exhibit to his petition, a copy of the Supreme Court of Virginia's order dismissing Lee's appeal as untimely filed. See ECF No. 1, Attach. 2, p. 7.

[2] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Lee has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Lee's conviction became final on December 23, 2010, 90 days after the Supreme Court of Virginia denied his petition for rehearing and when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

[3] An application is "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Thus, an application that does not conform to such rules, but that is nonetheless

Assuming, without finding, that Lee's state habeas petition was properly filed in the Pittsylvania County Circuit Court, the statute of limitations clock stopped running on September 17, 2011, after approximately 269 days, when he filed the petition. The clock began running again on November 10, 2012, when the Pittsylvania County Circuit Court denied the petition. Lee's appeal of the denial of his state habeas petition to the Supreme Court of Virginia affords him no tolling because it was not "properly filed."[4] Artuz v. Bennett, 531 U.S. 4, 8 (2000). Lee filed his federal habeas petition on November 29, 2013, approximately 383 days after the Pittsylvania County Circuit Court denied his habeas petition. Therefore, the time clock on Lee's statute of limitations ran for a total of approximately 649 days before he filed his federal habeas petition. Accordingly, Lee's petition is time-barred unless he demonstrates grounds for equitable tolling.

In response to the court's conditional filing order regarding the timeliness of his petition, Lee argues that the prison was on lockdown for approximately nineteen days in November and December of 2012 and for approximately ten days in March of 2013.[5] Lee alleges that during these lockdowns, he was unable to access the law library, a notary, and the mailbox, and was unable to make copies of his petition.

Equitable tolling is available only in "those rare instances where-- due to circumstances external to the party's own conduct-- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.

---

accepted by the clerk of a state court, is not a "properly filed" application; it is merely a "pending" application that does not toll the limitation period. Id. at 9.

[4] In Artuz, the Supreme Court held that time limits on state petitions are "condition[s] to filing," and that an untimely petition would not be deemed "properly filed." 531 U.S. at 11. In determining whether a pleading filed in state court was "properly filed" for purposes of a federal time limit, state law typically governs. See Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

[5] Lee alleges that the prison was on lockdown "sta[r]ting on March 10, 2013 and ended on March 18, 2013. But the prison went back on 'Administrative Lockdown' on March 20, 2013, due to prison security matters. . . . [and] the prison would remain on lockdown until further notice." It is unclear whether the second March 2013 lockdown lasted more than one day; however, even if it did, it would not affect the disposition of this case because Lee's one-year statute of limitations expired before either of the March 2013 lockdowns.

2003) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998)). Generally, "'[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (quoting Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). The court finds that Lee has not demonstrated that he diligently pursued his claims or extraordinary circumstances that warrant equitable tolling and, therefore, his petition is untimely filed.

### III.

For the reasons stated, the court dismisses Lee's petition as untimely.

ENTER: This 22d day of April, 2014.

United States District Judge